[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11279

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CRAIG LEWIS SELLERS, III,
a.k.a. CRAIG LOUIS SELLERS, III,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cr-00068-TKW-1

_____

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Craig Sellers, III, appeals his within-Guidelines sentence of 195 months' imprisonment following his guilty plea to varying drug and firearm offenses. On appeal, Sellers argues that the district court should have granted him a downward variance of his criminal history category, from category III to category II, by counting three prior offenses as one sentence for criminal history calculation purposes, and its failure to do so resulted in a substantively unreasonable sentence. After review, we affirm.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

In October 2022, a federal grand jury indicted Sellers on two counts of distribution of 50 or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) ("Counts 1 and 2"); one count of distribution of 50 or more grams of methamphetamine and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and (b)(1)(C) ("Count 3"); one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count 4"); and one count of possession of a firearm and/or ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) ("Count 5"). Sellers ultimately pled guilty to all five counts pursuant to a written plea agreement.

The offense conduct, as outlined in Sellers's presentence investigation report ("PSI"), was that on August 11, 2022, an undercover federal agent purchased approximately 127 grams of methamphetamine and smaller quantities of suspected fentanyl, alprazolam, and MDMA from Sellers for $1,190. On August 24, 2022, the agent purchased approximately 167 grams of methamphetamine and 54 tablets of suspected alprazolam from Sellers for $1,210. Then, on September 6, 2022, agents surveilling Sellers observed him conduct eight short meetings in his vehicle for what appeared to be drug transactions and they arrested him. A subsequent search of Sellers's vehicle found approximately 581 grams of methamphetamine, 184 grams of cocaine, 8.4 grams of fentanyl, and suspected oxycodone, marijuana, and promethazine.

During a subsequent search of Sellers's residence, investigators found suspected fentanyl, 329 grams of cocaine, suspected oxycodone pills, marijuana, more than 100 bottles of promethazine, several unidentified pills and powders, 8 firearms, and more than 200 rounds of ammunition. Among these firearms was a rifle with a drum magazine, a Glock pistol with an extended magazine, a stolen rifle, a stolen pistol, and a revolver with an obliterated serial number. After his arrest, Sellers admitted to the above offense conduct to investigators.

The PSI then moved to calculating Sellers's sentencing guideline range, first noting that it would be grouping Counts 1, 2, 3, and 5 together for calculation purposes. Because Counts 1, 2, and 3 carried the highest offense level, this grouping was used as

the advisory guideline range for all grouped counts. The PSI initially calculated a base offense level of 32 pursuant to U.S.S.G. § 2D1.1(a)(5) for an offense involving at least 3,000 kilograms but less than 10,000 kilograms of converted drug weight. The PSI then applied a three-level total reduction for acceptance of responsibility and Sellers's timely notification of his intention to plead guilty, pursuant to U.S.S.G. § 3E1.1(a) and (b), for a total offense level of 29.

The PSI noted that Sellers had six criminal history points for prior offenses. In paragraphs 52 and 53, the PSI explained that, at 17 years-old, Sellers was convicted of two counts of possession of a firearm by a convicted delinquent under 24 years-old, for which he received a total of three criminal-history points. In paragraph 54, the PSI noted that, at 17 years-old, Sellers was convicted of possession of cocaine and possession of less than 20 grams of marijuana, for which he received another three points. The PSI reported that all three of Sellers's convictions arose out of a single arrest, where he was initially charged with additional offenses including home invasion robbery. Sellers was adjudicated guilty of the offense in paragraph 54 of the PSI on January 2, 2018, approximately two-and-a-half weeks before he was adjudicated guilty of the offenses in paragraphs 52 and 53 of the PSI on January 19, 2018, with the state dropping charges for the additional offenses. Thus, with six criminal history points, Sellers was placed in criminal history category III.

The PSI explained that the mandatory minimum term of imprisonment on Counts 1, 2, and 3 was 10 years and the statutory

maximum was life imprisonment. The mandatory minimum term of imprisonment on Count 4 was five years and the maximum term was life imprisonment, which was required to run consecutively to any other sentence. Finally, the maximum term of imprisonment on Count 5 was fifteen years.

Based on a total offense level of 29 and a criminal history category of III, the initial sentencing guidelines range on Counts 1, 2, 3, and 5 was 108 to 135 months' imprisonment. However, because the statutory minimum sentence on Counts 1, 2, 3, and 5 was greater than the minimum of the guideline range, the guideline range became 120 months to 135 months' imprisonment. The guideline sentence for Count 4 was the 60-month statutory minimum term of imprisonment, which would run consecutively to the sentence imposed on the grouped counts, resulting in a total guideline range of 180 to 195 months' imprisonment.

In response to the PSI calculations, Sellers requested the probation officer vary downward in his criminal history category, asking that the criminal history category be reduced to category II. He acknowledged that his criminal history category was correctly calculated under U.S.S.G. § 4A1.2(a)(2), but he argued that treating the prior offenses reported in paragraphs 52 through 54 of the PSI as separate offenses, "while technically correct under the guidelines," would create an unwarranted sentencing disparity and penalize him for exercising his constitutional right to proceed to trial. The probation officer did not amend its calculations, and the PSI continued to place Sellers in criminal history category III.

At sentencing, Sellers and the government confirmed they had no objections to the PSI.  The district court then adopted the undisputed PSI and acknowledged that Sellers's guideline range was 180 to 195 months' imprisonment.  Sellers then made a statement, apologizing for his actions and stating his desire to do better in the future.  The government did not argue for a specific sentence, but it noted that a significant term of imprisonment was warranted because Sellers had sold a large quantity of drugs and had eight weapons in his home, some of which were assault rifles.

Sellers then reasserted his request for a downward variance in his criminal history category, arguing that his offenses were counted separately simply because he initially did not plead guilty to two of the three offenses of which he was ultimately convicted. He argued that to place him in a higher criminal history category for not accepting the initial plea offer would amount to penalizing him for briefly exercising his constitutional right to a trial.  He noted that reducing his criminal history category to II would reduce his guideline range to 120 to 121 months after considering the mandatory minimum, reducing his total guideline range to 180 to 181 months.

As to the 18 U.S.C. § 3553(a) factors, Sellers asserted that he owned a significant number of firearms because he enjoyed firearms as a hobby, and he assured the district court that he was not amassing weapons to hurt someone.  Sellers explained that all guns except one were kept away from children and that the sole accessible firearm was unloaded.  He also explained that he had grown up

in a severely disadvantaged background where he witnessed domestic violence, drug use, and drug dealing at a young age, all of which resulted in him being labeled a "bad" kid. He pointed to the fact that his juvenile probation officer wrote a letter in support for the court to consider. Sellers thus argued that the § 3553(a) factors did not support a sentence above fifteen years' imprisonment.

The district court then announced Sellers's sentence, first noting that Sellers's offense involved a significant quantity of drugs, guns, and ammunition. The court expressed concern over Sellers's possession of high-capacity magazines and drum magazines, which the court stated evinced that Sellers owned firearms beyond a mere hobbyist level. The court stated that "drugs, guns, and money really don't mix" and that while Sellers kept the guns away from his children, others could have easily come into his home, taken his drugs and guns, hurt his children, and then taken the guns to hurt others. The court acknowledged the letter from Sellers's juvenile probation officer, which gave the court optimism that Sellers could become "a productive member of society." The court also acknowledged Sellers's relative youth—twenty-three years old—as a mitigating factor.

The district court restated the PSI's guideline range of 180 to 195 months and then stated, regarding Sellers's three prior state convictions, that Sellers's position on the matter was reasonable. It noted that it looked at the 180 to 195 months guideline range as the correct legal range, but "as a practical matter," it viewed the range

as 180 to 181 months as the starting point of crafting Sellers's sentence.

The district court then stated that it had considered all the § 3553(a) factors. It explained that there was a need for both specific and general deterrence to change Sellers's behavior and convey to the public that committing serious crimes would result in great punishments. The court stated there was also a need for punishment because Sellers's criminal history reflected that he had been committing crimes for a while, yet no other punishments had made an impact on him to stop his criminal behavior. The court also stated that it had considered sentencing disparities to ensure that similarly situated defendants were being treated in the same manner. The court then explained that Sellers's guideline range, "either the [180 to 195-month] legal range or the [180 to 181-month] range that [Sellers] persuaded [the court] is probably the practical-matter range," failed to capture its biggest concern in Sellers's case, which was the number and types of guns and magazines Sellers possessed. The court stated that Sellers's sentence had to be higher than the mandatory minimum to reflect the serious nature of Sellers's firearm possession, as well as the fact that Sellers was acting as the "the Walmart of [drugs]." Ultimately, the district court sentenced Sellers to 135 months' imprisonment on Counts 1, 2, 3, and 5, followed by a consecutive term of 60 months' imprisonment on Count 4, for a total sentence of 195 months' imprisonment, to be followed by a 5-year term of supervised release. Sellers now appeals.

## II.    DISCUSSION

We review for an abuse of discretion the substantive reasonableness of a sentence. *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020). A district court abuses its discretion in this context when it (1) fails to consider "relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment" by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted). The party challenging a sentence bears the burden of showing it "is unreasonable in light of the record and the § 3553(a) factors." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

Section 3553(a) mandates that the district court "shall impose a sentence sufficient, but not greater than necessary," to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "afford adequate deterrence to criminal conduct;" "protect the public from further crimes of the defendant;" and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D). In addition, the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the kinds of sentences available;" the guideline sentencing range; any applicable policy statements; and the need to provide restitution to offense victims. *Id.* § 3553(a)(1), (3)-(5), & (7).

We defer to the district court's ability to consider and weigh the proper sentencing factors and will only vacate a sentence if we are left with a definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors.  *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).  In considering the § 3553(a) factors, a district court does not have to give all the factors equal weight, for the court is given discretion to attach great weight to one factor over another.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

An indicator of a reasonable sentence is one that is well below the statutory maximum for the crime.  *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014).  "We ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  It is rare for a sentence to be considered substantively unreasonable. *United States v. McQueen*, 727 F.3d 1144, 1256 (11th Cir. 2013).

On appeal, Sellers contends that the district court abused its discretion when it failed to vary downward in his criminal history category because it *de facto* punished him for exercising his right to go to trial, which resulted in a substantively unreasonable sentence.

Here, the district court did not abuse its discretion in imposing the 195-month total sentence.  While the district court found Sellers's argument regarding his criminal history reasonable, and considered what the guideline sentence range could have been had it granted the downward variance, the district court reasonably concluded that the § 3553(a) sentencing factors weighed against

granting the downward variance. The district court gave a detailed explanation for the chosen sentence, acknowledging the mitigating factors weighing in favor of a lighter sentence, but ultimately concluded that Sellers's criminal history, the severity of the offense conduct, and the need for deterrence and punishment outweighed those factors, and the court's decision was well within its discretion. *Rosales-Bruno*, 789 F.3d at 1254. Additionally, Sellers's sentence is well below the statutory maximum and within the guidelines, further demonstrating that the sentence is substantively reasonable. *Dougherty*, 754 F.3d at 1364; *Gonzalez*, 550 F.3d at 1324. In this case, we are simply not left with a definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors. *Shabazz*, 887 F.3d at 1224.

## III. CONCLUSION

For the reasons set forth above, Sellers's sentence is **AFFIRMED.**